**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOUIS JAMES ROCCO,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:10-1237** |
| v. | : | **(CALDWELL D.J.)** |
| | | **(MANNION, M.J.)** |
| **RAYMOND M. LAWLER and** | : | |
| **PA STATE ATTORNEY GENERAL,** | | |
| | : | |
| **Respondents** | | |
| | : | |

# REPORT AND RECOMMENDATION[1]

Pending before the court is the respondents' unopposed motion to dismiss the instant petition for writ of habeas corpus. (Doc. No. 12). Based upon the court's review of the motion and related materials, it is recommended that the motion be granted.

By way of relevant procedural background, on June 11, 2010, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, in which he challenges his 2002 conviction in the Lackawanna County Court of Common Pleas on charges of unlawful contact or communication with a minor, unlawful design of obscene or sexual materials, stalking with intent to place in fear and stalking by communication. (Doc. No. 1). On June 17, 2010, the petitioner submitted the appropriate filing fee. (Doc.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

No. 4). On June 24, 2010, the petitioner submitted a brief in support of his petition. (Doc. No. 6).

On July 15, 2010, the court issued an administrative order with notice of limitations on filing of future motions under 28 U.S.C. §2254. (Doc. No. 7).

On February 10, 2011, the court issued an order to show cause. (Doc. No. 11).

On February 23, 2011, the respondents filed the instant motion to dismiss the habeas petition, (Doc. No. 12), along with a supporting brief, (Doc. No. 13). To date, the motion is unopposed[2].

In their motion to dismiss, the respondents argue that the petition is untimely. According to the petitioner's state court criminal dockets, on January 25, 2002, the petitioner entered a plea of guilty to the above-listed charges in numerous separate but related cases. See Commonwealth of Pennsylvania v. Rocco, Court of Common Pleas of Lackawanna County, Docket No. CP-35-CR-1340-2001[3]. On July 29, 2002, the petitioner was sentenced to an aggregate term of 400-1740 months of incarceration. The petitioner filed a

---

[2] The court notes that on March 11, 2011, the petitioner filed a motion to quash the respondents' motion to dismiss his petition. (Doc. No. 19). By order dated March 30, 2011, the court deemed the motion withdrawn for the petitioner's failure to file a certificate of service and supporting brief. (Doc. No. 21). As of the date of this report, the petitioner has failed to file any further opposition to the respondents' motion.

[3] Related to this action are: CP-35-CR-1442-2001; CP-35-CR-1443-2001; CP-35-CR-1444-2001; CP-35-CR-1445-2001; CP-35-CR-1446-2001; CP-35-CR-1447-2001; CP-35-CR-1474-2001; and CP-35-CR-1475-2001.

notice of appeal to the Pennsylvania Superior Court on August 27, 2002. See Commonwealth of Pennsylvania v. Rocco, 1369 MDA 2002. The judgment of the lower court was affirmed by the Superior court by memorandum dated December 15, 2003. No further appeal was taken by the petitioner.

On September 2, 2004, the petitioner filed a post-conviction petition in the Court of Common Pleas of Lackawanna County. The petition was ultimately denied by order dated April 29, 2008. The petitioner filed a notice of appeal to the Pennsylvania Superior court on May 2, 2008. See Commonwealth of Pennsylvania v. Rocco, 820 MDA 2008.The Superior Court affirmed the trial court's decision on March 13, 2009. The petitioner filed a petition for allowance of appeal *nunc pro tunc* in the Pennsylvania Supreme Court, See Commonwealth of Pennsylvania v. Rocco, 599 MAL 2009, which was granted by order dated July 28, 2008, with a direction that counsel file a petition for allowance of appeal within thirty (30) days. On August 17, 2009, the petition for allowance of appeal was filed. On June 1, 2010, the Pennsylvania Supreme Court summarily denied the petition for allowance of appeal.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), a one-year statute of limitation applies to an application for writ of habeas corpus, which begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The petitioner's conviction became final on or about January 14, 2004, or thirty days after the

Superior Court order dated December 15, 2003, which affirmed the trial court's judgments of sentence, when he failed to seek further review in the Supreme Court of Pennsylvania. The petitioner did not file the instant petition for writ of habeas corpus until June 11, 2010. As such, his petition can only be deemed timely if he was entitled to statutory or equitable tolling of the limitations period.

Pursuant to §2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." The petitioner filed his post-conviction petition on September 2, 2004, or approximately 231 days into the limitations period. The petitioner's post-conviction petition was only pending through March 13, 2009, when the Pennsylvania Superior Court affirmed the denial of his post-conviction petition. Thereafter, although the petitioner filed a petition for allowance of appeal *nunc pro tunc* which was granted by the Pennsylvania Supreme Court, because the Pennsylvania Supreme Court denied the petition for allowance of appeal without discussion, this court must presume that it did so on timeliness grounds. See Cramer v. Secretary Pa. Dept. Of Corrections, 2011 WL 1505367, *2 (3d Cir.)[4] (citing Caswell v. Ryan, 953 F.2d 853, 858 (3d Cir. 1992) (quotation omitted)). The petitioner has not alleged any facts to overcome this presumption and, as a result, his *nunc pro tunc* petition for allowance of appeal cannot be considered "properly filed". Id.

---

[4] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

Given that the instant petition was not filed until June 11, 2010, over one year after the Superior Court's decision affirming the denial of his post-conviction petition, the instant action is clearly not saved by the statutory tolling provision.

Moreover, equitable tolling of the AEDPA's limitation period is available only where the petitioner shows that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing of a habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). There is no indication from the instant petition that the limitation period in this case is subject to equitable tolling.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the respondents' motion to dismiss the instant petition for writ of habeas corpus, **(Doc. No. 12)**, be **GRANTED**; and

**(2)** the instant habeas petition, **(Doc. No. 1)**, be **DISMISSED AS UNTIMELY**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** June 6, 2011
O:\shared\REPORTS\2010 Reports\10-1237-01.wpd