IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS JAMES ROCCO | : | |
| Petitioner | : | |
| | : | |
| vs. | : | CIVIL NO. 1:10-CV-1237 |
| | : | |
| RAYMOND M. LAWLER and | : | |
| ATTORNEY GENERAL OF | : | |
| PENNSYLVANIA | : | |
| Respondents | | |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering a Report and Recommendation by Magistrate Judge

Mannion, wherein he recommends that we dismiss petitioner Louis James Rocco's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely.  Since

objections were filed, the Court must "make a *de novo* determination of those portions of

the report or specified proposed finding or recommendations to which objection is made."

28 U.S.C. § 636(b)(1)(c).

In a thorough report, Judge Mannion concluded that Rocco was time barred

from filing a § 2254 petition.  We agree.  However, petitioner claims he is entitled to

equitable tolling of the one-year statute of limitations because of his attorney's failure to

timely file an appeal of petitioner's PCRA denial.  Rocco is entitled to equitable tolling if

he diligently pursued his rights and extraordinary circumstances prevented timely filing.

*Cramer v. Sec'y Pa. Dept. Of Corrections*, No. 07-2782, 2011 WL 1505367, at *2 (3d Cir.

2011).  However, petitioner's unsupported claim that his attorney failed to timely file an

appeal does not constitute "extraordinary circumstance."  *See Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001)("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling.)

ACCORDINGLY, this 1st day of September, 2011, it is ordered that upon consideration of the report and recommendation of the magistrate judge (Doc. 22), filed June 6, 2011, to which objections were filed, and upon independent review of the record, it is ordered that:

1.  The magistrate judge's report is adopted.

2.  Petitioner's objections (Doc. 24) are overruled.

3.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely.

4.  A certificate of appealability is denied.

5.  The Clerk of Court shall close this file.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge